**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JAMES C. STRADER,

                              Petitioner,

              v.                              CASE NO. 19-3137-SAC

STATE OF KANSAS,

                              Respondent.

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis.

The Court has conducted an initial review of the petition as directed by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

### Background

Petitioner was convicted of aggravated kidnapping, rape, and aggravated burglary in the District Court of Reno County, Kansas. His conviction was affirmed on appeal. *State v. Strader*, 168 P.3d 614 (Table), 2007 WL 2992492 (Kan. Ct. App. Oct. 12, 2007), *rev. denied*, Apr. 23, 2008. The Court has found no record of any additional review in the state courts.

Petitioner commenced this action on July 25, 2019.

### Discussion

The Court has reviewed the record and has identified several deficiencies in the petition.

First, this matter is governed by the one-year limitation period established in the Antiterrorism and Effective Death Penalty Act

(AEDPA). 28 U.S.C. § 2244(d). After the Kansas Supreme Court denied review in petitioner's direct appeal on April 23, 2008, petitioner had ninety days to seek review in the United States Supreme Court. U.S. S. Ct. Rule 13.1. "If a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after his direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003) (internal quotations omitted). Accordingly, unless tolled, the limitation period began to run in July 2008 and expired one year later.

Although petitioner broadly contends that this matter should not be time-barred due to his head injury, he offers no particularized explanation of how that injury prevented him from timely pursuing review. The petition states that the injury occurred in October 2002[1], which preceded petitioner's conviction. Yet petitioner was competent to stand trial and has been incarcerated in facilities operated by the Kansas Department of Corrections since his conviction.

Next, although the material filed with the petition exceeds 300 pages, petitioner has not clearly identified the claims upon which he seeks relief. Much of the material appears to be irrelevant, and the form pleading submitted by petitioner is largely left blank.

Third, a court examining a petition filed under § 2254 must consider whether the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Generally, to exhaust state court remedies, the petitioner first must present the claims to the state courts before presenting them in a federal

_____

[1] Doc. 1, Pt. 1, p. 78 ("I had a head injury and there was loss of memory from a car accident in October 2002 Day 2 or Day 6….").

habeas petition. *Simpson v. Carpenter*, 912 F.3d 542, 565 (10th Cir. 2018). It appears that petitioner has exhausted only one claim, namely, his claim that the trial court erred in admitting prior crimes evidence under K.S.A. 60-455. And because that claim involves a matter of state law, it does not state a federal claim for relief. "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Leatherwood v. Allbaugh*, 861 F.3d 1034, 1043 (10th Cir. 2017)("Federal habeas relief is not available to correct state law errors.").

### Order to Show Cause

The Court will direct petitioner to show cause on or before **September 9, 2019,** why this matter should not be dismissed on the grounds that it was not filed within the limitation period and that petitioner has not identified a claim that is properly exhausted and states a federal claim for relief. Petitioner may file an amended petition within the time allowed, on proper forms. The amended petition shall not exceed fifteen (15) pages.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 3) is granted.

IT IS FURTHER ORDERED petitioner is granted to and including **September 9, 2019,** to show cause why this matter should not be dismissed and to submit an amended petition.

**IT IS SO ORDERED.**

DATED:  This 9th day of August, 2019, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge