# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JAMES C. STRADER,**

                Petitioner,

       v.                                             CASE NO. 19-3137-SAC

**STATE OF KANSAS,**

                Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se and in forma pauperis.

### Factual Background

Petitioner was convicted of aggravated kidnapping, rape, and aggravated burglary in the District Court of Reno County, Kansas. *State v. Strader*, 168 P.3d 614 (Table), 2007 WL 2992492 (Kan. Ct. App. Oct. 12, 2007), *rev. denied*, Apr. 23, 2008.

### Discussion

On August 9, 2019, the Court issued a Notice and Order to Show Cause (NOSC) which advised petitioner of the following deficiencies in the petition: first, the action appears to be barred by the one-year limitation period under 28 U.S.C. §2244(d); second, petitioner fails to clearly identify the claims upon which he seeks relief; and third, it appears that only a single claim had been properly exhausted in the state courts. That claim, however, appears to present only a claim concerning the proper application of a state statute and therefore does not present a constitutional claim cognizable in federal habeas corpus.

Since the issuance of the NOSC, petitioner has submitted 27 pleadings in this matter. He appears to concede that this matter was not filed within the limitation period. Giving the pleadings the liberal construction, the Court finds that petitioner asserts an equitable defense, namely, that detectives manufactured evidence against him.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass" to overcome a failure to timely file a federal habeas corpus petition. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). An actual claim of innocence requires a petitioner to "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). This category of equitable relief is "a rare remedy to be applied in unusual circumstances." *Al-Yousif v. Trani*, 779 f.3d 1173, 1179 (10th Cir. 2015)(quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)).

Because petitioner provides no more than bare assertions that are unsupported, the Court concludes he has not identified any objective ground that satisfies the standard identified in *Schlup*. Accordingly, he has not overcome the failure to timely file, and this matter is subject to dismissal.

### Pending Motions

Petitioner has filed a number of motions in this matter. The Court has examined each one but finds no grounds that merit extensive discussion. In general, these motions appear unrelated to the present petition[1] or to the defects identified by the Court. Accordingly, the

---

[1] Petitioner includes the case number for the present action and for a civil rights

Court will deny the motions.

## Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," and the Court identifies the specific issue that meets that showing. 28 U.S.C. § 2253.

Where, as here, the Court's decision is based on a procedural ground, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the present record does not warrant the issuance of a certificate of appealability. The dismissal is based upon procedural grounds, and the Court concludes that its rulings that petitioner failed to timely file this matter and has failed to show any equitable ground to allow the review of his time-barred petition are not reasonably debatable.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed as time-barred.

---

action pending in this district on many of the pleadings. As a result, much of the content in these motions is not relevant to the habeas petition.

IT IS FURTHER ORDERED petitioner's motions to vacate sentence (Docs. 9 and 15), motion for restraining order and protective order (Doc. 11), motions for order (Docs. 13, 18, 19, 20, 22, 23, 24, 25, 26, 27, and 30), and motion to clarify and vacate (Doc. 29) are denied.

IT IS FURTHER ORDERED no certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED: This 2nd day of October, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge