# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JAMES C. STRADER,**

        Petitioner,

    v.                      CASE NO. 19-3137-SAC

**STATE OF KANSAS,**

        Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. On October 2, 2019, the Court dismissed this matter as time-barred and declined to issue a certificate of appealability.

Following the dismissal, petitioner submitted a motion for departure and to submit additional acts (Doc. 36), a motion to the court of evidence (Doc. 37), a notice of acts against his life, his wife, their children and witnesses (Doc. 38), a motion for defendants to cease all immediate contact with plaintiff and his wife and family and witnesses (Doc. 39), and a motion for orders (Doc. 40).

The Court has examined these motions and finds no grounds for relief. While petitioner's motions discuss possible transfers of him and his wife to another jurisdiction, he presents no timeframe for his numerous claims of wrongdoing, nor does he specifically address the dismissal of this habeas petition as time-barred. The Court finds these motions present no ground for post-judgment relief and concludes they must be denied.

### Filing Restrictions

A party has no constitutional right to file frivolous or

malicious matters. *See Depineda v. Hemphill*, 34 F.3d 946, 948 (10th Cir. 1994)("Plaintiff has no absolute unconditional right of access to the courts and no constitutional right of access to prosecute frivolous or malicious actions.")(citing *Winslow v. Hunter*, 17 F.3d 314, 315 (10th Cir. 1994)). Accordingly, where a plaintiff has a history of repetitive filings and abuse of the judicial process, a court may exercise its inherent power to impose orders to manage its docket and deter frivolous filings.

The United States Court of Appeals for the Tenth Circuit has provided the following guidance:

> When deciding to impose sanctions on an abusive litigant the court must balance two competing interests: (1) the litigant's constitutional right of access to the courts, *see Bounds [v. Smith]*, 430 U.S. [817], 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 [(1977)], and (2) the court's inherent power to regulate its docket, *see Link v. Wabash R.R.*, 370 U.S. 626, 629-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980).

*Green v. Price*, 76 F.3d 392, 1996 WL 56075, *2 (10th Cir. 1996)(unpublished decision).

Where a court elects to impose reasonable filing restrictions on a party, it must provide guidelines on how the plaintiff may proceed in a subsequent action and must provide the plaintiff with an opportunity to respond to the protective order. *Depineda*, *id.* (citing *Tripati v. Beeman*, 878 F.2d 351, 353 (10th Cir. 1989)).

Because petitioner has filed only two actions in this district, the Court will not impose filing restrictions that go beyond those matters at this time. However, because petitioner has filed repetitive, irrelevant, and lengthy motions and other pleadings in

the present action, the Court will limit his future filings in this case to (1) an objection to the filing restrictions outlined herein, (2) a post-judgment motion under Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure and (3) a Notice of Appeal, and, if necessary, a motion for leave to proceed on appeal in forma pauperis. Such pleadings are limited to five (5) pages in length. Any other pleadings submitted by the petitioner will be reviewed by the Court before filing and will not be filed without the express authorization of the Court.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's pending motions (Docs. 36, 37, 39, and 40) are denied.

IT IS FURTHER ORDERED petitioner may not file additional pleadings in this matter without leave of the Court except those expressly identified herein, namely, an objection to the filing limitations outlined, a post-judgment motion, and a notice of appeal accompanied by a motion to proceed in forma pauperis. The Clerk of the Court shall not file any other pleadings in this matter without the express authorization of the Court.

**IT IS SO ORDERED.**

DATED: This 17th day of October, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge