# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JAMES C. STRADER,**

        **Petitioner,**

    v.                                CASE NO. 19-3137-SAC

**STATE OF KANSAS,**

        **Respondent.**

## MEMORANDUM AND ORDER

This matter, a habeas corpus petition filed under 28 U.S.C. §2254, comes before the Court on petitioner's post-judgment filings.

### Background

On October 2, 2019, the Court dismissed this matter as time-barred and declined to issue a certificate of appealability. Petitioner submitted multiple pleadings after the entry of judgment, and on October 17, 2019, the Court entered an order restricting his future filings in this action, allowing him to file only an objection to the restriction, a post-judgment motion, and a notice of appeal without obtaining authorization from the Court.

Petitioner has filed an objection (Doc. 44), a motion for reconsideration (Doc. 45), and a notice of appeal and motion to proceed in forma pauperis (Docs. 46-47).

### Analysis

*Petitioner's objection to the filing restriction*

Petitioner's objection claims that he has been denied equal rights and points out that he has sought the appointment of counsel. He complains that the "clerk of the court and defendants are clearly covering up .. for defendant, rapist/child molesters … and claiming

e-file errors." (Doc. 44, p. 5.) He also repeats bare allegations of harm but identifies no specific, supporting information.

None of these arguments persuade the Court that the filing restriction should be modified or removed. The record in this matter shows that petitioner has repeatedly submitted materials that do not support a comprehensible claim for relief, and the Court remains convinced that a filing restriction is warranted in this matter.

*Petitioner's motion for reconsideration*

The Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Rather, following a final judgment, the Rules permit a party to file a motion to amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b). *Id*.

A motion for reconsideration may be construed as a motion to alter or amend the judgment under Rule 59(e) if it is filed within 28 days following the entry of judgment. *See Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005). The Court may grant relief under Rule 59(e) only if the moving party shows (1) there is an intervening change in the controlling law, (2) there is new evidence that was previously unavailable, or (3) there is a need to correct clear error or prevent manifest injustice. *See Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017). Finally, a motion under Rule 59(e) may be granted where a "court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion may not be used to "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id*.

Petitioner's motion for reconsideration does not present any

argument that justifies relief. He appears to complain broadly about difficulties with electronic filing, about the typewritten signature line that appears on the orders entered by the Court, and about events unrelated to his petition for habeas corpus. Because he does not provide any reasoned argument that comes within the standards for granting relief under Rule 59(e), the Court must deny his motion.

*Petitioner's motion to proceed on appeal in forma pauperis*

The motion to proceed in forma pauperis is granted.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's objection to the filing restriction (Doc. 44) is overruled.

IT IS FURTHER ORDERED petitioner's motion for reconsideration (Doc. 45) is construed as a motion filed under Rule 59(e) of the Federal Rules of Civil Procedure and denied.

IT IS FURTHER ORDERED petitioner's motion for leave to proceed on appeal in forma pauperis (Doc. 47) is granted. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 31st day of October, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge